UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| REBECCA ANNE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:15CV192 HEA |
| | ) |
| NANCY A. BERRYHILL[1], | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401, *et seq*. and 1381,*et seq*. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

### **Facts and Background**

On July 9, 2014, Administrative Law Judge Brad Davis conducted a video hearing. Plaintiff and the Vocational Expert both appeared. Plaintiff appeared in

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

Cape Girardeau, Missouri. The Administrative Law Judge presided over the hearing from St. Louis, Missouri. Plaintiff was born on March 20, 1960. She was 54 years old at the time of the hearing. Plaintiff did not complete high school and she does not have a GED. Her highest level of completion is the 11th grade.

Plaintiff testified that she had a massive heart attack on November 28, 2012, and that she was not employed at the time. Plaintiff also testified that she gets short of breath at times and is easily fatigued; has diabetes and associated neuropathy; occasionally suffers from blurry vision; suffers from acid reflux.

Plaintiff testified, on examination by the ALJ, that when she gets up in the morning she makes breakfast for herself and her husband and tries to clean up. Afterwards, she takes a rest break and watches television. She stated she gets very fatigued and has to work in intervals. She does not drive very frequently and has a friend help her with grocery shopping.

The ALJ also secured testimony of Dr. Thomas Upton, a Vocational Expert. Dr. Upton testified and classified the past work experience of the Plaintiff in relation to the Dictionary of Occupational Titles. Based upon all of those considerations and the stated hypotheticals of the ALJ, including stated limitations, the Vocational Expert concluded there were jobs available for Plaintiff as a press feeder, cashier II, food preparation in fast food, housekeeper.

The ALJ determined that Plaintiff was not entitled to a finding of disabled. The Appeals Council denied Plaintiff's request for review on August 27, 2015. The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the specific issues in this case are; (1) whether Plaintiff medically equaled a listed impairment; (2) whether the ALJ properly evaluated her credibility; (3) whether Plaintiff's non-exertional limitations precluded light work.

## Standard for Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists

in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611. At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id*... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the evidence presented relating to subjective complaints, including the claimant's prior

work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints.

*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful employment from the onset date of November 28, 2012 through the last insured date of June 30, 2014. The ALJ found at Step Two that Plaintiff had the severe impairments of coronary artery disease-status post triple coronary artery bypass grafting and diabetes mellitus with neuropathy.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform light work, except Plaintiff cannot work around hazards such as unprotected heights or dangerous moving machinery; she can only occasionally stoop, kneel, crouch, and crawl; and she can occasionally climb stairs, ramps, ladders and scaffolds.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing any past relevant work.

Step Five the ALJ concluded that Plaintiff was not under a disability.

**Judicial Review Standard**

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision

and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id*. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

**I. Did the ALJ err in concluding Plaintiff impairments did not Medically Equal a Listed Impairment?**

Plaintiff asserts the ALJ did improperly concluded Plaintiff's combined impairments did not medically equal a listed impairment. A review of the record, and the finding of the ALJ relating to the record, finds no support for this assertion.

A review of the record as to Plaintiff's heart disease reveals a failure to meet the matters set forth in Listing § 4.04(A) and Listing § 4.04(B). There is no evidence of a sign or symptom limited exercise tolerance test demonstrating manifestations at a workload equivalent to 5 metabolic equivalent of task units (METs) or less. Likewise there is no evidence of three separate ischemic episodes, each requiring revascularization or not amenable to revascularization within a consecutive 12-month period. Evidence was likewise deficient on whether a physician ever indicated that performance of exercise tolerance testing would present a significant risk to the individual or that she had very serious limitations of her ability to independently initiate, sustain, or complete activities of daily living as required by Listing § 4.04(C). Plaintiff did have a consultative physical examination on April 23, 2013, with Chul Kim, M.D. The opinion then was Plaintiff's level of functioning was class II under the New York Heart Association's (NYHA) heart failure classification system (Tr. 293). A class II rating indicates only "[s]light limitation of physical activity." *American Heart Association, Classes of Heart Failure*

Dr. Kim also found 5/5 motor strength in Plaintiff's arms and legs, intact grip strength and finger dexterity, a stable gait, intact ability to squat, walk on her heels and toes, and get on an off an examination table without assistance. Plaintiff also reported that she could lift her 30 pound grandchild and walk for 10 minutes with no assistance. Thus the evidence in the record is contrary to any support of a finding that Plaintiff met Listing § 11.14. This listing requires peripheral neuropathies with significant and persistent disorganization of motor function in two extremities, resulting in sustained disturbance of gross and dexterous movements, or gait and station. *Id*. at § 11.14 (referring to § 11.04(B)).

**II. Did the ALJ Properly Evaluate Plaintiff's Credibility?**

Plaintiff also asserts that the ALJ erred in finding her subjective complaints less than fully credible. The ALJ noted the objective medical evidence in the record was inconsistent with Plaintiff's reports of disabling limitations. Plaintiff experienced triple bypass surgery in November 2012, but the medical evidence indicates that she recovered from surgery. At her first follow-up visit two weeks after surgery, she was walking on a daily basis and reported no chest pain, shortness of breath, or wound problems (Tr. 268). Her incisions were healing nicely and her cardiac examination was normal (Tr. 268). Her only complaints were occasional heartburn, which was relieved with over the counter medication, and poor appetite and mild agitation, which she attributed to the fact that she had

recently stopped smoking.  The record discloses that at her consultative examination in April 2013, she had no significant limitations in any of her extremities, her gait was stable, and she was able to walk on her heels and toes.  The only positive findings were 2 plus edema in her left leg and ankle, which was the result of her venous harvest for her bypass surgery, and a moderate decrease in sensation for pain and cold over her left lower leg (Tr. 292).  There was no medical evidence supporting Plaintiff's testimony at the hearing that she experienced numbness in her hands from neuropathy.

The Eighth Circuit has long recognized that, as the trier of fact, the ALJ is in the best position to evaluate the credibility of a claimant's subjective complaints.  *See Milam*, 794 F.3d at 984 ("If the ALJ discredits a claimant's credibility and gives a good reason for doing so, we will defer to his judgment even if every factor set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), is not explicitly discussed.").  Thus, the ALJ's credibility finding is entitled to particular deference. *See Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014)("We defer to the ALJ's evaluation of Turpin's credibility provided that this determination is supported by 'good reasons and substantial evidence.'").  Here, the ALJ made a proper credibility determination.

In addition, the ALJ observed that Plaintiff's daily activities were inconsistent with her allegations of disability.  Review of the transcript, record

evidence, and decision of the ALJ yields a conclusion wholly contrary to Plaintiff's position.

**III. Did the ALJ Properly Determine Plaintiff Could Perform Light Work?**

Plaintiff finally asserts that her impairments, including diabetic neuropathy and lower extremity edema resulted in non-exertional limitations that would prevent her from performing light work.

The record here substantially supports the ALJ's RFC determination. Plaintiff alleges that she would have had additional limitations of her RFC due to her edema, neuropathy, shortness of breath with exertion and fatigue. But no physician of record ever indicated that she had limitations greater than those included in the ALJ's RFC determination. The ALJ's RFC was generally consistent with the opinion of John Marshall Jung, M.D., who reviewed the medical evidence at the initial stage of Plaintiff's claim (Tr. 48-51). It was also consistent with the findings of Dr. Kim, who examined Plaintiff in 2013, and found that she had intact range of motion and full strength in all of her extremities and a stable gait, despite her edema and moderately decreased sensation in her left leg (Tr. 292).

The Plaintiff bears the burden of proving disability and providing medical evidence regarding the existence and severity of an impairment. *See Kamann v.*

*Colvin*, 721 F.3d 945, 950 (8th Cir. 2013). The medical record, including the findings of consultative examination ordered by the agency, did not support the existence of additional limitations that had to be included in the ALJ's RFC determination.

In addition, on the issue of the non-exertional limitations, the ALJ properly cited a number of factors and concluded that Plaintiff's subjective complaints were not fully credible (Tr. 17-18). A hypothetical is sufficient if it includes the impairments supported by substantial evidence and found credible by the ALJ. *See Blackburn v. Colvin*, 761 F.3d 853, 860-61 (8th Cir. 2014).

Each of the ALJ's findings and conclusions contain a specific basis for same. The ALJ carefully considered all of the evidence, including Plaintiff's testimony of what activities she was capable of performing on a daily basis.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 28th day of February, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE